**INDIANA STATE BOARD OF EDUCATION, Appellant–Respondent,**

v.

**BROWNSBURG COMMUNITY SCHOOL CORPORATION, Board of School Trustees, Appellee–Petitioner.**

No. 32A01–0310–CV–382.

Court of Appeals of Indiana.

June 15, 2004.

Publication Ordered Aug. 4, 2004.

George T. Patton, Jr., Buren E. Jones, Bose McKinney & Evans LLP, Indianapolis, IN, Attorneys for Appellant.

## OPINION

MATHIAS, Judge.

The Indiana State Board of Education ("ISBE") appeals an order of the Hendricks Superior Court on judicial review of its agency action. The trial court set aside an ISBE order to the Brownsburg Community School Corporation ("School Corporation") to enroll a student attending a nonpublic, nonaccredited school as a part-time student at Brownsburg High School. ISBE raises the following restated issues:

I. Whether the trial court lacked subject matter jurisdiction to consider the petition for judicial review; and

II. Whether the trial court erred in setting aside the ISBE order in light of Indiana Code section 20–8.1–3–17.3.

Concluding that the trial court lacked subject matter jurisdiction, we reverse.

### Facts and Procedural History

For her first three years of high school, K.L. attended Brownsburg High School, where she earned As in nearly all of her classes. K.L. withdrew from Brownsburg High School following her junior year and enrolled in correspondence courses through Indiana University High School, a nonpublic and nonaccredited school,[1] to complete her graduation requirements. K.L. continued to reside within the School Corporation's geographic boundaries. After withdrawing from the school system, K.L. sought to enroll in one course, Advanced Chorus, at Brownsburg High School for the 2002–2003 school year. En-

Steve Carter, Attorney General of Indiana, David L. Steiner, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

---

1. Indiana University High School is accredited by the North Central Association Commission on Accreditation and School Improvement. However, it not accredited or otherwise approved by the ISBE. *See* Ind. Code § 20–8.1–3–17.3(a) (1998).

rollment in the Advanced Chorus course was a requirement for participation in the school's madrigals and show choir programs, both of which K.L. had auditioned for and been accepted into prior to her withdrawal from school. The School Corporation denied K.L. enrollment in the Advanced Choir class and advised her that she would have to be a full-time student at Brownsburg High School to enroll.

K.L.'s mother appealed to the ISBE, which conducted a hearing on September 25, 2002. On September 27, 2002, the Hearing Officer issued "Findings of Fact, Conclusions of Law, and Recommended Orders" directing the School Corporation to immediately enroll K.L. in Advanced Chorus. On October 25, 2002, the School Corporation filed an objection with the ISBE. After hearing oral argument, the ISBE affirmed the decision of the Hearing Officer on November 7, 2002.

On November 22, 2002, the School Corporation petitioned for judicial review and requested a stay of the ISBE decision. The trial court granted a stay of agency action pending final determination.[2] On January 15, 2003, the ISBE moved to dismiss the case on jurisdictional grounds, alleging that the trial court had lost jurisdiction because the School Corporation had not filed the agency record or requested an enlargement of time to file the agency record. The School Corporation filed a motion for leave to amend its petition on January 22, 2003, and then filed a response to the ISBE's motion to dismiss the following day. On January 28, 2003, the trial court granted the School Corporation's motion for leave to amend its petition and denied the ISBE's motion to dismiss.

On February 4, 2003, the School Corporation filed a motion to supplement the agency record, which the trial court granted on February 10, 2003. The ISBE moved to dismiss the amended petition on February 13, again arguing that the trial court had been divested of jurisdiction because the School Corporation had failed to timely file the agency record. The trial court denied the motion to dismiss on February 25, 2003. The ISBE then filed a motion to certify interlocutory order for immediate appeal, which the trial court denied on April 7, 2003.

The parties filed cross motions for summary judgment. On August 7, 2003, the trial court ordered the ISBE's action affirming the Hearing Officer's decision that the School Corporation enroll K.L. be set aside, and remanded the case for further proceedings consistent with its decision. The ISBE now appeals.

### Discussion and Decision

■ The ISBE raises two issues on appeal. Because we conclude that the trial court had been divested of jurisdiction to hear the petition for judicial review, we address only the jurisdictional issue and do not address the arguments of the parties and amici curiae regarding Indiana Code section 20–8.1–3–17.3.

Judicial review of agency action is governed by the Administrative Orders and Procedures Act ("AOPA"). Ind.Code § 4–21.5–5–1 (2002). The ISBE argues that the trial court lost jurisdiction to consider the School Corporation's petition for judicial review when the School Corporation failed to either file the agency record or obtain an extension of time to file the agency record within the time limits required by AOPA. In response, the School Corporation argues that it timely filed the

---

**2.** Despite the stay granted by the trial court, the School Corporation permitted K.L. to remain enrolled in Advanced Chorus for the 2002–2003 school year. We commend the School Corporation for its decision to do so.

agency record via three exhibits attached to its verified petition for judicial review.

Indiana Code section 4–21.5–5–13(a) requires that:

Within thirty (30) days after the filing of the petition, or within further time allowed by the court or by other law, the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action, consisting of:

(1) any agency documents expressing the agency action;

(2) other documents identified by the agency as having been considered by it before its action and used as a basis for its action; and

(3) any other material described in this article as the agency record for the type of agency action at issue, subject to this section.

Ind.Code § 4–21.5–5–13(a) (2002).

 The trial court is required to grant extensions of this time period where good cause is shown. Ind.Code § 4–21.5–5–13(b). Furthermore, the statute provides that failure to file the agency record within the time permitted, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court. *Id.* "It is well-established that the time provisions of I[ndiana] C[ode section] 4–21.5–5–13 are mandatory and a condition precedent to a court acquiring jurisdiction to consider a petition for judicial review." *Clendening v. Family & Soc. Servs. Admin.,* 715 N.E.2d 903, 904 (Ind.Ct.App.1999) (citing *Park v. Med. Licensing Bd. of Ind.,* 656 N.E.2d 1176, 1179 (Ind.Ct.App.1995), *trans. denied; Crowder v. Rockville Training Ctr.,* 631 N.E.2d 947, 948 (Ind.Ct.App.1994), *trans. denied; Indianapolis Yellow Cab, Inc. v. Ind. Civil Rights Comm'n,* 570 N.E.2d 940, 942 (Ind.Ct.App.1991), *trans. denied* ). If the petitioner fails to either file the agency

record within thirty days of filing their petition, or request and receive an extension of time within that thirty-day period, the trial court must dismiss the petition for review because it lacks further jurisdiction to consider it. *Id.* (citing *Park,* 656 N.E.2d at 1179; *Crowder,* 631 N.E.2d at 948).

The School Corporation contends that the three exhibits attached to its verified petition for judicial review were sufficient to file the agency record as required by Indiana Code section 4–21.5–5–13. Exhibit A consisted of the "Findings of Fact, Conclusions of Law, and Orders" issued by the Hearing Officer on September 27, 2002. Appellee's App. pp. 7–13. Exhibit B consisted of "Respondent's Objections to Findings of Fact, Conclusions of Law, Discussion and Recommended Orders," which included Exhibit 1, an order granting "enlargement of time to file objections to the recommended order of the Hearing Examiner;" Exhibit 2, an Indiana Department of Education ("IDOE") memorandum on "Revised Instructional Time Information;" Exhibit 3, an IDOE Office of Student Services publication entitled "The Relationship Between Public Schools and Home Schools in Indiana;" and Exhibit 4, an ISBE decision entitled C.G. v. Blue River Valley Schools. Appellee's App. pp. 14–46. Exhibit C was an IDOE memorandum on "Instructional Time Information." Appellee's App. pp. 47–51.

The ISBE argues that the three exhibits attached to the School Corporation's verified petition for judicial review did not constitute "the complete, certified agency record contemplated by [AOPA]." Reply Br. of Appellant at 2. The School Corporation contends that the three exhibits met the requirements of Indiana Code section 4–21.5–5–13(a)(1) and (2). However, the School Corporation fails to address whether these attachments met the require-

ments of subsection (3), which requires the petitioner to file "any other material described in this article as the agency record for the type of agency action at issue, subject to this section." Ind.Code § 4–21.5–5–13(a)(3) (2002).

We observe that Indiana Code section 4–21.5–3–33 requires that agencies maintain an official record of each proceeding under Indiana Code 4–21.5–5. Ind.Code § 4–21.5–3–33(a) (2002). Further, the statute calls for the agency record of the proceeding to consist only of the following:

(1) Notices of all proceedings.

(2) Any prehearing order.

(3) Any motions, pleadings, briefs, petitions, requests, and intermediate rulings.

(4) Evidence received or considered.

(5) A statement of matters officially noticed.

(6) Proffers of proof and objections and rulings on them.

(7) Proposed findings, requested orders, and exceptions.

(8) The record prepared for the administrative law judge or for the ultimate authority or its designee under sections 28 through 31 of this chapter, at a hearing, and any transcript of the record considered before final disposition of the proceeding.

(9) Any final order, nonfinal order, or order on rehearing.

(10) Staff memoranda or data submitted to the administrative law judge or a person presiding in a proceeding under sections 28 through 31 of this chapter.

(11) Matters placed on the record after an ex parte communication.

Ind.Code § 4–21.5–3–33(b) (2002).

Unless provided otherwise in another statute, the agency record consisting of the items listed above "constitutes the exclusive basis for agency action in proceedings under this chapter and for judicial review of a proceeding under this chapter." Ind. Code § 4–21.5–3–33(c) (2002).

Here, the record indicates that the School Corporation did not request a certified copy of the agency record from the ISBE until January 20, 2003. Appellant's App. p. 73. On February 4, 2003, the School Corporation filed a motion to supplement the record, which the trial court granted. The "supplemental record" filed by the School Corporation consisted of a certified copy of the agency record. Appellant's App. p. 73. In addition to the documents included with the verified petition for judicial review, the certified copy of the agency record also included additional documents listed in Indiana Code section 4–21.5–3–33(a) including a memorandum from the Hearing Officer to the ISBE, a notice of argument before the Board, an order granting enlargement of time and notice of consideration by the Board, letters to the School Corporation and K.L. enclosing a tape of the hearing, a notice of hearing, a notice of appointment of hearing officer, and K.L.'s initial petition to the ISBE. Appellant's App. pp. 75–76, 130–31, 136–60, 167–69. This certified copy of the agency record clearly included items listed in Indiana Code section 4–21.5–3–33(a) that the School Corporation's initial filing omitted. *See* Ind.Code § 4–21.5–3–33(a)(1), (4), (8), (10). Because its initial filing failed to include such "other material described in this article as the agency record," the School Corporation failed to timely file the agency record as required. Ind.Code § 4–21.5–5–13(a)(3).[3]

---

**3.** The School Corporation contends that its filing of a duplicate copy satisfies the require-

ment for the transmission of an original or certified copy. *See Seattle Painting Co. Inc. v.*

Finally, the School Board urges that any deficiencies in its filing of the agency record should be dealt with under the doctrine of *de minimis non curat lex.* See generally *D & M Healthcare, Inc. v. Kernan,* 800 N.E.2d 898, 900–903 (Ind. 2003). The School Board argues that "any flaw in [its] filing of the agency record was immaterial and divesting the trial court of jurisdiction would elevate the form the statutory requirements of Ind[iana] Code [section] 4–21.5–5–13 over the substance and intent of the requirement and would defeat the ultimate end of orderly and speedy justice." Br. of Appellee at 19. Our supreme court has recognized that "immaterial variances from prescribed procedures have no legal fallout." *D & M Healthcare,* 800 N.E.2d at 903. However, we cannot characterize the School Corporation's failure to comply with the statute as an "immaterial variance." Therefore, we conclude that the trial court lost jurisdiction to consider the School Corporation's petition for judicial review.

### Conclusion

Because the School Corporation failed to timely file the agency record as required by Indiana Code section 4–21.5–5.13, the trial court lost jurisdiction to consider the School Board's petition for judicial review. Therefore, we must reverse the trial court's decision setting aside the ISBE order.

Reversed.

BARNES, J., and CRONE, J., concur.

### ORDER TO PUBLISH MEMORANDUM DECISION

On June 15, 2004, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellant, by counsel, has filed a Motion to Publish Decision. The Appellant states that this decision involves a legal issue of substantial public importance because it addresses and explains the AOPA requirement of timely filing a complete, certified agency record.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Motion to Publish Decision is GRANTED and this Court's opinion handed down in this case on June 15, 2004, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

*Comm'r of Labor,* 661 N.E.2d 596, 598 n. 2 (Ind.Ct.App.1996). However, the statute requires the petitioner to file an original or certified copy of the *entire* record, which we have determined the School Corporation failed to do.