**Phyllis J. WROGEMAN, Appellant–Petitioner,**

v.

**Mitch ROOB, Secretary Indiana Family and Social Services Administration, Appellees–Respondents.**

No. 76A05–0707–CV–372.

Court of Appeals of Indiana.

Dec. 4, 2007.

Jonathan H. Nusbaum, Brent A. Shelley, Beers Mallers Backs & Salin, LLP, Fort Wayne, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, ELizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Petitioner, Phyllis Wrogeman, appeals the trial court's order dismissing her petition for judicial review of a final order issued by Appellee–Respondent Indiana Family and Social Services Administration ("FSSA"). Upon appeal, Wrogeman claims that the trial court, which dismissed her claim on the basis that it lacked jurisdiction, erred in concluding that her failure to include the entire agency record divested the trial court of jurisdiction. Wrogeman additionally claims the trial court erred in concluding that even if it had jurisdiction, her failure to include certified, rather than verified, documents warranted dismissal. We affirm.

## BACKGROUND FACTS AND PROCEEDINGS

On June 17, 2005, Wrogeman filed an application for medical assistance with the FSSA. On January 10, 2006, FSSA denied Wrogeman's claim on the basis that her resources exceeded the $1500 resource limit necessary to receive such assistance. Wrogeman filed a request for a hearing with the Steuben County FSSA office on January 4, 2006. After a May 4, 2006 hearing, on November 9, 2006, an FSSA Administrative Law Judge ("ALJ") denied Wrogeman's petition. Wrogeman sought review of this decision on November 13, 2006, and on December 6, 2006, the FSSA issued a final order affirming the November 9 decision denying Wrogeman medical assistance benefits.

On January 9, 2007, Wrogeman sought judicial review of the FSSA's denial of her petition for benefits. As part of her petition, Wrogeman attached Exhibit A, which was a copy of the November 9 FSSA decision denying her petition for benefits; Exhibit B, a copy of the Wrogeman Family Supplemental Needs Trust; and Exhibit C, a copy of the December 6, 2006 FSSA final order affirming the denial of benefits. On March 2, 2007, FSSA filed a motion to dismiss Wrogeman's petition for judicial review on the grounds that the court lacked jurisdiction due to Wrogeman's failure to file or request enlargement of time to file the complete agency record. On April 23, 2007, the trial court, finding it lacked jurisdiction, granted FSSA's motion to dismiss Wrogeman's petition for judicial review. On May 22, 2007, Wrogeman filed a motion to correct error, which the trial court denied on June 14, 2007. This appeal follows.

## DISCUSSION AND DECISION

■ Our standard of review of a trial court's ruling on a motion to dismiss a petition for judicial review on jurisdictional grounds depends upon whether the trial court resolved disputed facts, and if so, whether the trial court conducted an evidentiary hearing or ruled on a paper record. *Izaak Walton League of Am., Inc. v. DeKalb County Surveyor's Office*, 850 N.E.2d 957, 962–63 (Ind.Ct.App.2006), *reh'g denied*. If the facts are not in dispute or the trial court rules on a paper record, we review *de novo* a ruling on a motion to dismiss for lack of jurisdiction. *Id.* As the trial court's ruling here was based entirely upon a paper record, we review its dismissal of Wrogeman's petition *de novo*. *Id.*

Judicial review of agency action is governed by the Administrative Orders and Procedures Act ("AOPA"). *See* Ind.Code § 4–21.5–5–1 (2004). FSSA argues that the trial court lost jurisdiction to consider Wrogeman's petition for judicial review when she failed to either file the agency record or obtain an extension of time to do so within the time limits designated by the AOPA. Wrogeman responds that she timely filed the necessary portions of the agen-

cy record with her petition for judicial review.

Indiana Code section 4–21.5–5–13(a)(2004) provides the following with respect to filing the agency record when seeking judicial review:

Within thirty (30) days after the filing of the petition, or within further time allowed by the court or by other law, the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action, consisting of:

(1) any agency documents expressing the agency action;

(2) other documents identified by the agency as having been considered by it before its action and used as a basis for its action; and

(3) any other material described in this article as the agency record for the type of agency action at issue, subject to this section.

The trial court is required to grant extensions of this time period when good cause is shown. *See Ind. State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp.*, 813 N.E.2d 330, 333 (Ind.Ct.App.2004) (citing Ind.Code § 4–21.5–5–13(b)). The statute further provides that failure to file the agency record within the time permitted, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court. *Id.* " 'It is well-established that the time provisions of Indiana Code section 4–21.5–5–13 are mandatory and a condition precedent to a court acquiring jurisdiction to consider a petition for judicial review.' " *Id.* (quoting *Clendening v. Family & Soc. Servs. Admin.*, 715 N.E.2d 903, 904 (Ind.Ct.App. 1999)). If the petitioner fails to either file the agency record within thirty days of filing her petition, or request and receive an extension of time within that thirty-day period, the trial court must dismiss the petition for review because it lacks further jurisdiction to consider it. *Id.*

Wrogeman contends that the three exhibits attached to her verified petition for judicial review requesting that the trial court re-consider whether certain trust funds were actually available to her were a sufficient portion of the agency record to satisfy Indiana Code section 4–21.5–5–13. FSSA responds that these select exhibits did not constitute the full agency record, and that the omission of several necessary portions of the record contrary to Indiana Code sections 4–21.5–5–13(a)(2) and (3) deprived the trial court of its jurisdiction over the case.

We observe that Indiana Code section 4–21.5–3–33 (2004) requires that agencies maintain an official record of adjudicative proceedings such as the one in this case and that the statute calls for the agency record of the proceeding to consist of only the following:

(1) Notices of all proceedings.

(2) Any prehearing order.

(3) Any motions, pleadings, briefs, petitions, requests, and intermediate rulings.

(4) Evidence received or considered.

(5) A statement of matters officially noticed.

(6) Proffers of proof and objections and rulings on them.

(7) Proposed findings, requested orders, and exceptions.

(8) The record prepared for the administrative law judge or for the ultimate authority or its designee under sections 28 through 31 of this chapter, at a hearing, and any transcript of the record considered before final disposition of the proceeding.

(9) Any final order, nonfinal order, or order on rehearing.

(10) Staff memoranda or data submitted to the administrative law judge or a person presiding in a proceeding under sections 28 through 31 of this chapter.

(11) Matters placed on the record after an ex parte communication.

Ind.Code § 4–21.5–3–33(b).

Unless provided otherwise in the statute, the agency record consisting of the above-listed items "constitutes the exclusive basis for agency action in proceedings under this chapter and for judicial review of a proceeding under this chapter." Ind. Code § 4–21.5–3–33(c); *see Brownsburg,* 813 N.E.2d at 334.

In support of her argument, Wrogeman cites *Izaak Walton League* for the proposition that all documents created during an administrative proceeding need not be made part of the agency record for purposes of judicial review if they are irrelevant to the question being presented to the trial court. While in *Izaak Walton League* this court overturned a trial court's dismissal of a petition for judicial review on the basis that the petitioner had failed to include the entire agency record, in that case the missing documents either related to preliminary agency rulings which were not being challenged or involved matters outside the record presented and considered regarding the discrete issue for which judicial review was sought. 850 N.E.2d at 966.

Here, unlike in *Izaak Walton League,* Wrogeman failed to include even the transcript of the agency proceedings. In issuing its November 9 decision, FSSA indicated, "The Administrative Law Judge has carefully reviewed the testimony presented at the hearing, all evidence, Federal/State regulations, and policy transmittals in re-

gard to this matter." App. p. 18. With the exception of the Wrogeman Family Trust, Exhibit B, none of the above material apparently relied upon by the ALJ was included with the petition for judicial review.[1] Regardless of whether Wrogeman disputed the ALJ's findings of fact, such material was part of the agency record below and was specifically relied upon by the ALJ in making the ruling from which Wrogeman sought judicial review. As Wrogeman failed to include the agency record contemplated by Indiana Code sections 4–21.5–5–13 and 4–21.5–3–33, which, unlike in *Izaak Walton League,* directly concerned the sole decision she was appealing, the trial court properly determined it lacked jurisdiction in dismissing the case. *See Brownsburg,* 813 N.E.2d at 333.

While not necessary for the disposition of this case, we further observe, as the trial court did, that not only was the agency record in this case incomplete, it was neither original nor certified as required by Indiana Code section 4–21.5–5–13(a). Wrogeman argues that her petition and accompanying exhibits were "verified," which in her view is adequate to fulfill the requirement that it be "certified." Aside from offering arguably comparable dictionary definitions, Wrogeman presents no authority to support her position. Given the requirements that the agency maintain "official" records of all adjudicative proceedings and that, when petitioning for judicial review, the accompanying record must be either original or certified, it appears as a matter of common sense that certification must come from the agency creating the record, not from the petitioning party or her attorneys. Indeed, we have stated in the past that verified docu-

---

1. We acknowledge that certain such material was copied into the ALJ's decision but believe the ALJ's apparent adoption of certain evidence into its written decision is an inadequate substitute for the independent inclusion of such evidence in the record.

ments may be substituted for certified documents only where the record shows a good faith effort has been made to secure certified copies, and a petitioner is unable to obtain them due to circumstances beyond her control. *State ex rel. McIntosh v. Circuit Court of Boone County*, 242 Ind. 160, 161, 177 N.E.2d 464, 465 (1961). Although Wrogeman claimed in her March 19, 2007 Memorandum in Opposition to Motion to Dismiss that she tried to obtain a certified agency record, she provided no evidentiary support for this claim, and nothing in the record tends to demonstrate that she made a good faith effort to obtain the record or that her efforts proved fruitless due to circumstances beyond her control. We are therefore unpersuaded that Wrogeman's verification of her petition for judicial review pursuant to Indiana Code section 4–21.5–5–7 (2004) somehow also satisfies the requirement that the agency record be certified pursuant to Indiana Code section 4–21.5–5–13.

In sum, we conclude that the trial court properly dismissed Wrogeman's petition due to her failure to include a certified copy of the agency record with her petition for judicial review.

The judgment of the trial court is affirmed.

BAKER, C.J., and DARDEN, J., concur.