**MICROVOTE GENERAL CORPORATION, Appellant–Petitioner,**

v.

**The OFFICE OF the SECRETARY OF STATE and Todd Rokita, Indiana Secretary of State, Appellees–Respondents.**

**No. 49A02–0803–CV–216.**

Court of Appeals of Indiana.

July 16, 2008.

Transfer Denied Oct. 23, 2008.

---

John R. Price, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, David L. Steiner, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

BRADFORD, Judge.

Appellant/Petitioner MicroVote General Corporation ("MicroVote") appeals from the trial court's dismissal of its petition for judicial review of an adjudication by Appellees/Respondents the Office of the Secretary of State ("OSS") and Indiana Secretary of State Todd Rokita. Concluding that (1) MicroVote's failure to timely file either the record of the administrative proceeding or a request for an extension of time to do so deprived the trial court of jurisdiction over the case; (2) a motion to dismiss a petition for judicial review, if made on the wrong ground, does not require reversal; (3) MicroVote's failure to transmit an adequate agency record deprived the trial court of jurisdiction over the case; and (4) MicroVote may not rely on equitable estoppel to excuse its failure to timely file the agency record, we affirm.

## FACTS AND PROCEDURAL HISTORY

On May 21, 2007, an Administrative Law Judge ("ALJ") for the OSS determined that MicroVote had violated Indiana election law in various ways and recommended a penalty of $250,000.00 and that MicroVote pay costs of $133,562.25. On July 20 and 26, 2007, Secretary Rokita affirmed the penalty and costs. On August 20, 2007, MicroVote filed a petition for judicial review of Secretary Rokita's decision. On October 2, 2007, Respondents filed a motion to dismiss MicroVote's petition based on Indiana Trial Rules 12(B)(1) and 12(B)(6). On October 9, 2007, MicroVote filed a motion for an extension of time within which to file the agency record. On November 27, 2007, the trial court granted Respondents' motion to dismiss.

## DISCUSSION AND DECISION

### Standard of Review

The appellate standard of review for dismissals based on a lack of jurisdiction is a function of what occurred in the trial court. *GKN Co. v. Magness,* 744 N.E.2d 397, 401 (Ind.2001). "[T]he standard of review is dependent upon: (i)

whether the trial court resolved disputed facts; and (ii) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a 'paper record.'" *Id.*

If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law. [W]e review *de novo* a trial court's ruling on a motion to dismiss under Trial Rule 12(B)(1) where the facts before the trial court are undisputed.

If the facts before the trial court are in dispute, then our standard of review focuses on whether the trial court conducted an evidentiary hearing. Under those circumstances, the court typically engages in its classic fact-finding function, often evaluating the character and credibility of witnesses. *Anthem Ins. Cos., Inc. v. Tenet Healthcare Corp.,* 730 N.E.2d 1227, 1238 (Ind.2000). Thus, where a trial court conducts an evidentiary hearing, we give its factual findings and judgment deference. *Menard, Inc. v. Dage–MTI, Inc.,* 726 N.E.2d 1206, 1210 (Ind.2000). And in reviewing the trial court's factual findings and judgment, we will reverse only if they are clearly erroneous. *Id.* Factual findings are clearly erroneous if the evidence does not support them, and a judgment is clearly erroneous if it is unsupported by the factual findings or conclusions of law. *Id.*

However, where the facts are in dispute but the trial court rules on a paper record without conducting an evidentiary hearing, then no deference is afforded the trial court's factual findings or judgment because under those circumstances a court of review is "in as good a position as the trial court to determine whether the court has subject matter jurisdiction." *MHC Surgical Ctr. Assocs., Inc. v. State Office of Medicaid Policy & Planning,* 699 N.E.2d 306, 308 (Ind.Ct.App.1998). *See also Farner v. Farner,* 480 N.E.2d 251, 257 (Ind.Ct. App.1985) (agreeing with the proposition that "where a case is tried wholly upon documents or stipulations, the appellate tribunal is in as good a position as the trial court to determine the force and effect of the evidence.") Thus, we review *de novo* a trial court's ruling on a motion to dismiss where the facts before the court are disputed and the trial court rules on a paper record.

*Id.*

### Indiana Code Section 4–21.5–5–13

Indiana Code section 4–21.5–5–13 provides, in relevant part, as follows:

(a) Within thirty (30) days after the filing of the petition, or within further time allowed by the court or by other law, the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action, consisting of:

(1) any agency documents expressing the agency action;

(2) other documents identified by the agency as having been considered by it before its action and used as a basis for its action; and

(3) any other material described in this article as the agency record for the type of agency action at issue, subject to this section.

(b) An extension of time in which to file the record shall be granted by the court for good cause shown. Inability to obtain the record from the responsible agency within the time permitted by this section is good cause. Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court, on its own motion, or on peti-

tion of any party of record to the proceeding.

The trial court dismissed MicroVote's petition on the ground that it failed to timely file either the agency record or a request for an extension of time within which to do so. MicroVote contends that the trial court erred on several alternative grounds: (1) that MicroVote was not required to file its request for an extension of time within thirty days; (2) dismissal was inappropriate under Trial Rule 12(B)(1) or 12(B)(6) because the trial court retained subject matter jurisdiction over the case; (3) it substantially complied with the requirement to provide the agency record through attachments to its petition; and (4) the trial court failed to rule on its claim that its failure to timely file the agency record was due to misconduct by the OSS and/or trial court personnel.

## I. Thirty–Day Requirement for Filing Extension Request

■ MicroVote contends that Indiana Code section 4–21.5–5–13 does not require that a request for an extension of time within which to file the agency record be filed within thirty days. As the Indiana Supreme Court has noted, however, "It is well settled that a reviewing court may grant a request for an extension under section 4–21.5–5–13 of AOPA only if the request is made during the initial thirty days following the filing of the petition for review or within any previously granted extension." *Wayne County Prop. Tax Assessment Bd. of App. v. United Ancient Order of Druids–Grove # 29*, 847 N.E.2d 924, 927 (Ind.2006). Consequently, MicroVote is entitled to no relief on this basis.

## II. Subject Matter Jurisdiction

MicroVote contends that, because its failure to timely file the agency record did not deprive the trial court of subject matter jurisdiction, dismissal under either Tri-

al Rule 12(B)(1) or 12(B)(6) was inappropriate. While we agree that the trial court only lost jurisdiction over the case, and not subject matter jurisdiction, by virtue of MicroVote's failure to comply with section 4–21.5–5–13, *see, e.g., Izaak Walton League of Am., Inc. v. DeKalb County Surveyor's Office*, 850 N.E.2d 957, 962 (Ind.Ct.App.2006), *trans. denied,* we cannot agree that dismissal was inappropriate based on that distinction. Essentially, MicroVote is requesting that we reverse the trial court's dismissal because Respondents requested it on the wrong ground.

■ We rejected a similar argument in *Izaak Walton League,* where the respondents filed a "Motion to Accept Additional Documents from the Administrative Record" in which they noted that the petitioners had "faile[d] to provide the entire administrative record[,] a jurisdictional defect which renders this Court without jurisdiction over this case" but did not specifically request dismissal. *Id.* at 961. After a hearing, the trial court nonetheless dismissed the petition for lack of jurisdiction. *Id.* On appeal, we concluded that, in light of the fact that Indiana Code section 4–21.5–5–13(b) permits a trial court to dismiss a petition for judicial review "on its own motion[,]" the lack of an express motion to dismiss from the respondents did not require reversal. *Id.* at 962. It follows, then, that a motion to dismiss on the wrong ground does not require reversal either. While we need not determine if Respondents' motion to dismiss was deficient in any way, we conclude that, even if it were, that fact would not require reversal.

## III. Substantial Compliance With Indiana Code Section 4–21.5–5–13

■ Relying on *Izaak Walton League,* MicroVote contends that it substantially

complied with Indiana Code section 4–21.5–5–13 in that attachments to its petition for judicial review were sufficient to permit that review. As previously mentioned, a party· seeking judicial review of an agency action shall transmit the

agency record for judicial review of the agency· action, consisting of:

(1) any agency documents expressing the agency action;

(2) other documents identified by the agency as having been considered by it before its action and used as a basis for its action; and

(3) any other material described in this article as the agency record for the type of agency action at issue, subject to this section.

Ind.Code § 4–21.5–5–13(a).

With regard to "any other material described in this article as the agency record[,]" Indiana Code section 4–21.5–3–33 provides as follows:

(a) An agency shall maintain an official record of each proceeding under this chapter.

(b) The agency record of the proceeding consists only of the following:

(1) Notices of all proceedings.

(2) Any prehearing order.

(3) Any motions, pleadings, briefs, petitions, requests, and intermediate rulings.

(4) Evidence received or considered.

(5) A statement of matters officially noticed.

(6) Proffers of proof and objections and rulings on them.

(7) Proposed findings, requested orders, and exceptions.

(8) The record prepared ·for the administrative law judge or for the ultimate authority or its designee under sections 28 through 31 of this chapter, at a hearing, and any transcript of the record considered before final disposition of the proceeding.

(9) Any final order, nonfinal order, or order on rehearing.

(10) Staff memoranda or data submitted to the administrative law judge or a person presiding in a proceeding under sections 28 through 31 of this chapter.

(11) Matters placed on the record after an ex parte communication.

(c) Except to the extent that a statute provides otherwise, the agency record described by subsection (b) constitutes the exclusive basis for agency action in proceedings under this chapter and for judicial review of a proceeding under this chapter.

In *Izaak Walton League,* this court concluded that strict compliance with the requirements of Indiana Code section 4–21.5–5–13 was not necessarily required. 850 N.E.2d at 965. The *Izaak Walton League* court concluded that because the clear purpose of the relevant statutes is to ensure that "[t]he record must include all that is necessary in order for the reviewing court ·to accurately assess the challenged agency action[,]" less-than-full compliance with Indiana Code sections 4–21.5–5–13 and 4–21.5–3–33 may be excused if the materials submitted by the party seeking judicial review are deemed sufficient, depending on the submissions and the scope of review sought, to allow such review. *Id.*

Even assuming, *arguendo,* that submission of less than the complete agency record may allow for judicial review in some

cases,[1] this is not one of those cases. The ALJ issued approximately thirty-five pages of findings of fact, which Secretary Rokita specifically affirmed, incorporated into his final orders, and supplemented with additional findings of fact. Micro-Vote's attachments to its petition for judicial review, however, consist solely of various filings and orders and include none of the evidentiary record relied on by the ALJ and Secretary Rokita. Although MicroVote now contends that its challenges concern only questions of pure law, its petition for judicial review requested the trial court to "set aside and nullify Secretary Rokita's Final Orders ... as well as ALJ Neely's Orders ... as contrary to law, the applicable statutory language *and/or the evidentiary record*[.] " Appellant's App. p. 78 (emphasis added). Moreover, MicroVote specifically claimed that the OSS's action was, *inter alia*, "not supported by substantial evidence in the actual evidentiary record submitted to the ALJ." Appellant's App. p. 76. In the trial court, MicroVote specifically challenged the evidentiary basis of the OSS's action and, yet, did not provide any of that evidence. The key question is not whether *this* court is able to review MicroVote's current claims based on the materials it submitted to the trial court, but, rather, whether the *trial court* was able to review MicroVote's claims, as they were stated at that time, based on those submissions. The answer, in this case, is no. Consequently, MicroVote is not entitled to relief on the basis that it substantially complied with Indiana Code section 4–21.5–5–13.

## IV. Equitable Estoppel

■ MicroVote contends that either alleged misconduct by the OSS or an alleged filing error by trial court personnel caused its late filing of the agency record. Consequently, MicroVote argues, the doctrine of equitable estoppel should operate to excuse the late filing and allow for judicial review. Equitable estoppel is available if one party, through its representatives or course of conduct, knowingly misleads or induces another party to believe and act upon its conduct in good faith and without knowledge of the facts. *Am. Family Mut. Ins. Co. v. Ginther*, 803 N.E.2d 224, 234 (Ind.Ct.App.2004), *trans. denied.* The requirements for equitable estoppel are: (1) a representation or concealment of material facts; (2) made with knowledge, actual or constructive, of the facts and with the intention that the other party act upon it; (3) made to a party ignorant of the facts; and (4) which induces the other party to rely or act upon it to his detriment. *Id.* The party claiming estoppel has the burden to show all facts necessary to establish it. *Story Bed & Breakfast, LLP v. Brown County Area Plan Comm'n*, 819 N.E.2d 55, 67 (Ind. 2004). The Indiana Supreme Court has noted that estoppel "is a concept by which one's own acts or conduct prevents the claiming of a right to the detriment of another party who was entitled to and did rely on the conduct." *Brown v. Branch*,

1. Judge Mathias dissented in *Izaak Walton League* on this point, concluding that a judicial determination of whether submissions were adequate for judicial review was unnecessary, as "the General Assembly has already defined which items are essential for that review in Indiana Code section 4–21.5–3–33." *Id.* at 968 (Mathias, J., dissenting). Although the majority in *Izaak Walton League* distinguished it, Judge Mathias would have followed *Indiana State Board of Education v.* *Brownsburg Community School Corporation*, 813 N.E.2d 330 (Ind.Ct.App.2004), in which this court concluded that a petitioner's failure to file a certified copy of the agency record within the prescribed thirty days deprived the trial court of jurisdiction over the case. *Id.* at 334. While we acknowledge the split of authority on this point, we may leave the question for another day, as MicroVote's submissions to the trial court were inadequate to allow for judicial review in any event.

758 N.E.2d 48, 52 (Ind.2001). Although there are various types of estoppel, all are based on the same underlying principle that one, who by deed or conduct, has induced another to act in a particular manner will not be permitted to adopt an inconsistent position, attitude, or course of conduct that causes injury to such other. *Id.* Respondents point out that no Indiana authority establishes that equitable estoppel may be applied in this context. We need not, however, reach that question, as we conclude that the doctrine would not properly apply under the circumstances of this case in any event.

■ As for the alleged mistakes made by trial court personnel, they cannot form the basis of a claim of equitable estoppel, as the trial court and its personnel are not parties. *See Am. Family,* 803 N.E.2d at 234. As for the OSS, MicroVote contends that its late filing should be excused because OSS's legal counsel allegedly failed to advise it that the agency record would not be ready in time for the thirty-day deadline of September 19, 2007. We cannot agree.

First, to the extent that MicroVote believed that it was somehow relieved of its statutory duty to file an extension as a result of OSS's alleged failure to inform it that the agency record would not be prepared within thirty days, it was not entitled to do so. *See Brown,* 758 N.E.2d at 52. Even assuming, *arguendo,* that OSS counsel failed to advise MicroVote that the record would not be ready by September 19, 2007, we do not see how this would relieve MicroVote of the responsibility to manage its case. Once it became clear that OSS would not be able to prepare the agency record within the thirty-day window, we believe that the onus was on MicroVote to request an extension, which

it did not do. Second, there has been no adoption of an inconsistent position, attitude, or course of conduct on the part of the OSS, which is an essential part of any estoppel. *See id.* Quite simply, the OSS never took the position, later to be reversed, that a late filing of the agency record would be excused.[2] Even if equitable estoppel applies in this context, it would not apply under the circumstances of this case.

The judgment of the trial court is affirmed.

RILEY, J., and CRONE, J., concur.

---

2. This would be a closer case if, for example, the OSS had assured MicroVote that it would not seek dismissal in the event of a late filing and then did so.