**INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION,**
**Appellant–Respondent,**

v.

**Alice V. MEYER, Now Deceased, Dianne M. Rynn, Trustee of the Alice V. Meyer Trust Dated December 19, 2001, Appellee–Petitioner.**

No. 69A01–0807–CV–358.

Court of Appeals of Indiana.

Jan. 30, 2009.

Gregory F. Zoeller, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Douglas R. Denmure, Aurora, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Alice V. Meyer ("Meyer") sought Medicaid benefits, but was penalized because of a recently-preceding property transaction. After Meyer's death, Dianne Rynn, Trustee of the Alice V. Meyer Trust ("the Trust"), petitioned for judicial review of a final agency action by the Indiana Family and Social Services Administration ("the FSSA"). The FSSA moved to dismiss the petition for lack of jurisdiction. The trial court denied the motion to dismiss and corrected error in the Administrative Law Judge ("ALJ") order by adjusting the basis of a mathematical computation for penalty purposes. We affirm.

### Issue

The FSSA presents the sole issue of whether the trial court was divested of jurisdiction to address the Trust's petition for judicial review because the Trust did not timely file the agency record or seek an additional extension of time in which to do so. We restate the issue as: whether the trial court had discretion to respond to procedural error by granting a belated extension of time.

### Facts and Procedural History

In November of 2001, Meyer, then aged seventy-six, established the Trust. She conveyed a remainder interest in her farm to the Trust and retained a life estate. On September 22, 2004, Meyer applied to the Ripley County Office—Division of Family Resources for Medical Assistance to the Aged. The application was denied for failure to offer non-exempt real property for sale.

Meyer again applied for assistance to the aged on September 9, 2005. After a second denial of benefits, Meyer requested a hearing. She died on April 16, 2006. Her family members requested medical assistance for services to Meyer from September 1, 2005 until her death. A hearing was conducted on September 6, 2006 to determine Meyer's eligibility for benefits before her death.

On October 13, 2006, the ALJ entered Findings of Fact and Conclusions of Law determining the scope of a penalty period implicated by asset transfers within the "60 month look back period for determining the existence of a violative transfer." (App.19.) However, the penalty was not to be imposed prior to the County Office's determination of "whether the appellant received adequate compensation from her children." (App.20.) The matter was remanded to the County Office "to redetermine the appellant's eligibility for Medical Assistance to the Aged in line with the Findings of Fact[.]" (App.20.)

The ALJ decision contained an apparent discrepancy. Finding of Fact No. 15 indi-

cated that the value of the entire farm was $210,000.00 while the Conclusions of Law portion stated that the value of the remainder interest was $210,000.00. The Trust also alleged that the ALJ used an incorrect divisor when determining the penalty period.

On November 13, 2006, the Secretary of the FSSA issued a final order affirming the decision of the ALJ. On December 8, 2006, the Trust petitioned for judicial review of the final agency action. The Trust attached a Notice of Final Agency Action, the ALJ decision, Request for Agency Review, and Memorandum in Support of Agency Review. In the petition for judicial review, the Trust alleged in pertinent part:

> 10. Under the facts set forth in the Decision, the value of the remainder interest transferred was only $104,073.90 and not $210,000 which was the value of the entire farm which was used in error by the Administrative Law Judge.

(App.8.) On March 15, 2007, the FSSA answered and admitted the truth of the averment in paragraph 10.

The Trust had been granted an extension of time within which to transmit the agency record until March 5, 2007, but did not file the agency record as of that date or seek an additional extension of time. On April 12, 2007, FSSA filed its Indiana Trial Rule 12(B)(1) and 12(B)(2)[1] motion to dismiss the Trust's petition for judicial review, contending that the trial court lacked jurisdiction because of the Trust's

failure to timely file the agency record. On April 18, 2007, the Trust filed a Request to File Belated Agency Record, which was granted by the trial court. The Trust filed the agency record on April 27, 2007.

On May 22, 2007, the trial court denied the motion to dismiss. The trial court also denied the FSSA's petition for certification of an interlocutory appeal and, on June 25, 2008, entered an order remanding to the Ripley County office for aged assistance with instructions to calculate any applicable penalty based upon a remainder interest of $104,073.90 as opposed to $210,000.00. The FSSA now appeals.

## Discussion and Decision

### I. Standard of Review

The standard of appellate review of rulings on motions to dismiss on jurisdictional grounds depends on whether the trial court resolved disputed facts, and if so, whether the trial court conducted an evidentiary hearing or ruled on a paper record. *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind.2001). We review de novo a ruling on a motion to dismiss for lack of jurisdiction if the facts are not disputed or, as here, the court rules on a paper record. *Id.*

### II. Analysis

█ The FSSA alleges that the trial court "was divested of jurisdiction over the case" due to the Trusts failure to timely file the agency record.[2] Appellant's Brief at 5. The Trust responds that it substan-

---

1. Trial Rule 12(B)(1) pertains to dismissal for lack of jurisdiction over the subject matter and 12(B)(2) pertains to dismissal for lack of jurisdiction over the person.

2. Pursuant to Indiana Code Section 4–21.5–3–33(b), an agency record consists of notices of all proceedings, any prehearing order, any motions, pleadings, briefs, petitions, requests, and intermediate rulings, evidence received or considered, a statement of matters officially noticed, proffers of proof and objections and rulings on them, proposed findings, requested orders, and exceptions, the record prepared for the ALJ and transcript, any final order, nonfinal order, or order on rehearing, staff memoranda or date submitted to the ALJ, and matters placed on the record after an ex parte communication.

tially complied with statutory provisions because it provided "a record" consisting of exhibits attached to its petition for judicial review, sufficient to disclose an obvious scrivener error. Appellee's Brief at 4. Additionally, the Trust argues that, as a practical matter, the county caseworker to whom the matter is routed upon remand must be provided guidance. He or she would, without correction of the ALJ order, be required to implement an order despite facial error and internal inconsistency. As such, the Trust contends that the trial court properly ordered correction of error and its judgment is not void for lack of jurisdiction.

Judicial review of agency action is governed by the Administrative Orders and Procedures Act ("AOPA"). *See* Ind.Code § 4–21.5–5–1. Chapter 5 of AOPA provides "the exclusive means for judicial review of an agency action." I.C. § 4–21.5–5–1. An aggrieved person may seek judicial review of a final agency action by filing a petition with the trial court within thirty days of the action challenged. Ind.Code §§ 4–21.5–5–2 to –5. Within thirty days after the filing or within further time allowed by the trial court or by other law, the petitioner shall transmit to the court the original or a certified copy of the agency record for review of the agency action. Ind.Code § 4–21.5–5–13(a).

An extension of time in which to file the record shall be granted by the trial court for good cause. *See Ind. State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp.,* 813 N.E.2d 330, 333 (Ind.Ct.App.2004) (citing Ind.Code § 4–21.5–5–13(b)). The statute further provides that failure to file the agency record within the time permitted, including any extension period ordered by the court, is "cause for dismissal" of the petition for review by the court. *Id.* The question that arises in this case is whether the language "cause for dismissal" man-

dates dismissal or rather confers upon the trial court some judicial discretion.

In interpreting a statute, our goal is to give effect to the General Assembly's intent. *Porter Dev., LLC v. First Nat'l Bank of Valparaiso,* 866 N.E.2d 775, 778 (Ind.2007). Where a statute is unambiguous, we read words and phrases for their plain and ordinary meaning. *Id.*

Cause is defined as "I. Something that produces an effect or result ... 2. A ground for legal action" and "1b. a reason or motive for an action or condition." BLACK'S LAW DICTIONARY 212–13 (7th ed.1999); and WEBSTER'S THIRD NEW INT'L DICTIONARY 356 (2002). There is a significant difference between "cause for dismissal" and "shall dismiss." Our review indicates that the phrase "shall dismiss" appears in at least forty-four statutes. When the General Assembly wants to use this phrase, making dismissal mandatory, it does so. By contrast, the phrase "cause for dismissal" appears in only three statutes—AOPA 5–13(b) and two statutes related to government employment. *See* Ind.Code § 10–14–3–26(b) (prohibiting political affiliation as a cause for dismissal of emergency management employees) and Ind.Code § 20–28–8–7 (concerning termination of school superintendents). Failure to comply strictly with AOPA 3–33 and AOPA 5–13 is a reason for dismissal, suggesting that the trial court could find reasons not to dismiss the appeal. Thus, by using "cause for dismissal" rather than "shall dismiss," we conclude that the General Assembly intended to empower, *but not require,* a trial court to dismiss an appeal.

■ Here, the Trust timely filed a petition for judicial review and timely requested an extension of time, properly invoking the jurisdiction of the trial court pursuant to Indiana Code Section 4–21.5–5–13. However, the Trust did not file the agency

record by the extension deadline and failed to request a second extension of time within which to file the agency record.[3] The FSSA argues that this failure is fatal, citing a series of cases that have interpreted the time provisions of Indiana Code Section 4–21.5–5–13 as mandatory and jurisdictional. *See Clendening v. Indiana Family & Soc. Servs. Admin.*, 715 N.E.2d 903, 904 (Ind.Ct.App.1999) (stating "It is well-established that the time provisions of Indiana Code Section 4–21.5–5–13 are mandatory and a condition precedent to a court acquiring jurisdiction to consider a petition for judicial review"); *accord MicroVote General Corp. v. Office of Sec. of State*, 890 N.E.2d 21, 25 (Ind.Ct.App.2008) (finding that the trial court "lost jurisdiction over the case" in light of statutory non-compliance), *trans. denied; Indiana State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp.*, 813 N.E.2d 330, 335 (Ind.Ct. App.2004) (failure to comply with the statute was not an "immaterial variance.") Accordingly, the FSSA contends that the trial court here lacked jurisdiction to grant leave to file the record belatedly and its judgment on the merits is void.[4]

At the outset, we observe that Indiana Code Section 4–21.5–5–13 was enacted prior to the decision of our Indiana Supreme Court in *K.S. v. State*, 849 N.E.2d 538 (Ind.2006). The *K.S.* Court clarified jurisdictional concepts:

> Like the rest of the nation's courts, Indiana trial courts possess two kinds of "jurisdiction." Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs. Personal jurisdiction requires that appropriate process be effected over the parties.
>
> Where these two exist, a court's decision may be set aside for legal error only through direct appeal and not through collateral attack. Other phrases recently common to Indiana practice, like "jurisdiction over a particular case," confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations.

*Id.* at 540. Here, there is no question that the Ripley Circuit Court possessed jurisdiction over the subject matter of this case and over the parties. The FSSA makes no argument to this effect but instead refers to a lack of "jurisdiction over the case."

■ "Jurisdiction over the particular case" is something "now abolished." *Packard v. Shoopman*, 852 N.E.2d 927, 930 (Ind.2006). In *Packard*, the Tax Court had invoked the concept of "jurisdiction over the case" and concluded that the Clay Township Assessor waived her objection to untimely filing of a petition for judicial review. *See id.* at 929. On appeal, the Assessor asserted that failure to file a timely petition for judicial review deprived the Tax Court of subject matter jurisdiction, citing Indiana Code Section 33–26–6–

---

3. It is noteworthy that one party is in control of production yet the other party is subject to dismissal for non-production. The FSSA is the entity having control of the agency record and charged with compiling the record for judicial review. *See* Ind.Code § 4–21.5–3–33. Yet, the FSSA is also the opposing party. This scheme places the party aggrieved by the agency decision at some disadvantage, because the agency has some disincentive to prepare the record promptly. The FSSA, at least so long as it is not served with a trial court order upon motion to compel, might well enjoy a tactical advantage to delay because a litigant who lacks control of the timetable must be absolutely diligent to investigate the record availability and file any needed motions for extensions, upon pain of dismissal.

4. When a court lacks subject matter jurisdiction, its actions are void ab initio and have no effect whatsoever. *Allen v. Proksch*, 832 N.E.2d 1080, 1095 (Ind.Ct.App.2005).

2, which provided at the relevant time: "If a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction." *See Packard,* 852 N.E.2d at 929.

Our Supreme Court noted that the statute at issue "predates our decision in *K.S.* and was enacted at a time when Indiana courts commonly used the phrase jurisdiction over the particular case to refer to various procedural prerequisites to the exercise of subject matter jurisdiction." *Id.* at 930.

The *Packard* Court then re-affirmed its holding in *Wayne County Property Tax Assessment Board of Appeals v. United Ancient Order of Druids–Grove # 29,* 847 N.E.2d 924, 926 (Ind.2006), that is, a petitioner's failure to file the administrative record in the Tax Court within the time required does not deprive the Tax Court of subject matter jurisdiction over the petitioner's appeal. *See Packard,* 852 N.E.2d at 930.

The *Packard* Court quoted the *Druids* decision as follows:

> The timing of filing the agency record implicates neither the subject matter jurisdiction of the Tax Court nor personal jurisdiction over the parties. Rather, it is jurisdictional only in the sense that it is a statutory prerequisite to the docketing of an appeal in the Tax Court. That issue is properly raised by means of a motion under Rule 12(B)(1) for lack of jurisdiction or 12(B)(6) for failure to state a claim, depending on whether the claimed defect is apparent on the face of the petition.

*Packard,* 852 N.E.2d at 930–31 (quoting *Druids,* 847 N.E.2d at 926).

The *Packard* Court then further explained its rationale:

> Because the timeliness of filing does not affect the subject matter jurisdiction of the Tax Court, any objection to the timeliness of filing is a procedural rather than jurisdictional error that can be waived if not raised at the appropriate time. *See K.S.,* 849 N.E.2d at 542. Timely filing relates to neither the merits of the controversy nor the competence of the court to resolve it. Permitting a party to raise such a claim after years of litigation is wasteful of judicial resources and expensive for the parties. In the worst case it provides an incentive to gaming the litigation process by waiting to see which way the wind is blowing before playing a trump card.

*Packard,* 852 N.E.2d at 931–32.

Here, the FSSA filed a 12(B)(1) motion to dismiss promptly after the Trust failed to comply with the first extended deadline for filing the agency record. Thus, it cannot be said that the FSSA waived its claim of error for failure to raise it at the appropriate time. However, it is also apparent from our Supreme Courts discussion in *Packard* that other matters such as fundamental fairness and avoidance of wastefulness of judicial resources may be considered.

■ There was substantial procedural compliance by the Trust and obvious substantive error in the ALJ decision. Indeed, both parties agreed that the ALJ decision contained error. In order for the caseworker to do his or her job properly, the error must be corrected. We cannot reverse the trial court's correction of error, because to do so would be to condone an absurd result. Where the trial court is able to discern clear error and both parties concede error, the trial court must of necessity have discretion to address a technically untimely filing.

■ We conclude that Indiana Code Section 4–21.5–5–13 does not speak to subject matter jurisdiction, does not mandate automatic dismissal for procedural error, and must be read to confer upon the trial court discretion in some circumstances. Just as the trial court has discretion to grant an extension of time, subject to the "good cause" requirement, the trial court has the discretion to find that a petition "subject to dismissal" should not, upon a proper showing, be dismissed.

Affirmed.

BARNES, J., concurs in result with opinion.

MATHIAS, J., dissents with opinion.

BARNES, Judge, concurring in result.

I concur in result here because Judge Bailey and I do not see eye-to-eye on the trial courts "discretion." I believe the filing requirements are there for a reason as Judge Mathias points out in his dissent. Specifically, I am concerned that trial courts might be tempted to exercise "discretion" regarding untimely filings too liberally. The filing deadlines are absolute, as our supreme court has made clear. For example, "It is well settled that a reviewing court may grant a request for an extension under section 4–21.5–5–13 of AOPA only if the request is made during the initial thirty days following the filing of the petition for review or within any previously granted extension." *Wayne County Property Tax Assessment Bd. of Appeals v. United Ancient Order of Druids–Grove No. 29*, 847 N.E.2d 924, 927 (Ind.2006).

However, because I believe sufficient documents were timely filed that would allow a decision to be made here, I follow the reasoning laid out in *Izaak Walton League of America, Inc. v. DeKalb County Surveyor's Office*, 850 N.E.2d 957 (Ind.Ct. App.2006), *trans. denied.* There, we rejected a strict, hyper-technical construction of the AOPA that would require all paper generated during an agency proceeding to be made part of the record for judicial review. *Id.* at 966. Instead, where all agency materials relevant to the question presented on judicial review are timely submitted, the record is sufficient. *Id.* at 966–67. That is what occurred here, and on this narrow basis I concur in result.

MATHIAS, Judge, dissenting.

I respectfully dissent. The timely and complete filing of the agency record is a condition precedent to the acquisition of jurisdiction to consider a petition for judicial review. Therefore, for the reasons expressed in *Indiana State Board of Education v. Brownsburg Community School Corp.*, 813 N.E.2d 330 (Ind.Ct.App.2004) and *Izaak Walton League of America, Inc. v. DeKalb County Surveyor's Office*, 850 N.E.2d 957 (Ind.Ct.App.2007), *trans. denied* (Mathias J., dissenting), I would reverse the trial court's denial of the FSSA's motion to dismiss.