SHEPARD, Chief Justice,
concurring and dissenting.
I agree with what the Court says today about a trial court's authority to grant an extension of time to file a certified record of proceedings when seeking judicial review of ageney action under the Administrative Orders and Procedures Act ("AOPA"). Ind.Code § 4-21.5-5-1 (2005).
I do not agree with my two colleagues who say that a petitioner can obtain judicial review under AOPA without filing a certified record at all.
On this point, I simply say that we ought to enforce the statute: "Within thirty (80) days after the filing of the petition, or within further time allowed by the court or by other law, the petitioner shall transmit to the court the original or a certified copy of the ageney record for judicial review of the agency action. ..." Ind.Code § 4-21.5-5-13(a). There is little ambiguity on this aspect of AOPA. The law further provides, "Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court...." Ind.Code § 4-21.5-5-18(b).
Our recent holdings have recognized the legislature's declaration that the timely filing of the agency record or a request for extension of time is a prerequisite to the pursuit of a petition for judicial review:
*373 It is well settled that a reviewing court may grant a request for an extension under section 4-21.5-5-13 of AOPA only if the request is made during the initial thirty days following the filing of the petition for review or within any previously granted extension.... We agree that this motion could not have been granted if the time had already expired.
Wayne County Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove # 29, 847 N.E.2d 924, 927-28 (Ind.2006). See also MicroVote Gen. Corp. v. Sec'y of State, 890 N.E.2d 21, 24-25 (Ind.Ct.App.2008) (failure to file timely record is cause for dismissal); Wrogeman v. Roob, 877 N.E.2d 219 (Ind.Ct.App.2007) (filing just portions of agency record is grounds for dismissal); accord Clendening v. Ind. Family and Social Serv. Admin., 715 N.E.2d 903, 904 (Ind.Ct.App.1999) ("It is well-established that the time provision of 1.C. § 4-21.5-5-18 are mandatory and a condition precedent to a court acquiring Jurisdiction to consider a petition for judicial review.").
AOPA requires a petitioner to transmit to the court for judicial review the original or a certified copy of the agency record consisting of:
(1) any agency documents expressing the agency action;
(2) other documents identified by the ageney as having been considered by it before its action and used as a basis for its action; and
(8) any other material described in this article as the agency record for the type of agency action at issue, subject to this section.
1.0. § 4-21.5-5-183(a). As subsection 13(a) suggests, AOPA describes the elements of an agency record in more detail elsewhere. That description appears in AOPA's chapter 3, which reads:
The agency record of the proceeding consists only of the following:
(1) Notices of all proceedings.
(2) Any prehearing order.
(3) Any motions, pleadings, briefs, petitions, requests, and intermediate rulings.
(4) Evidence received or considered.
(5) A statement of matters officially noticed.
(6) Proffers of proof and objections and rulings on them.
(7) Proposed findings, requested orders, and exceptions.
(8) The record prepared for the administrative law judge or for the ultimate authority or its designee ...
(9) Any final order, nonfinal order, or order on rehearing.
(10) Staff memoranda or data submitted
[[Image here]]
(11) Matters placed on the record after an ex parte communication.
Ind.Code § 4-21.5-3-83(b).
The interplay between these two sections was examined in Ind. State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp., 813 N.E.2d 330 (Ind.Ct.App.2004). There, the Brownsburg School Corporation filed a petition for judicial review to challenge a State Board of Education decision directing the school corporation to enroll a student in a certain course. Id. at 332. The school corporation attached three exhibits to its initial petition for judicial review. The Court of Appeals held that the filed documents were insufficient to constitute a complete agency record, because the "initial filing failed to include such 'other material described in this article as the agency record, the School Corporation failed to timely file the ageney record as required." Id. at 334. The court held that the 'other material described in this article as the agency record (as set forth by section *374 13(a)(3) of AOPA) includes the documents set forth in section 33. See id.
If Meyer's petition for judicial review were dismissed, as I believe it should be, the matter would proceed as follows. Meyer's request for Medicare benefits would be remanded to the County Office for a new calculation, inasmuch as FSSA had long ago embraced its ALJ's conclusion that the County Office had erred on some points and acknowledged that its ALJ misunderstood the evidence about the real estate value. In short, Meyer would receive all the further consideration to which the Court says she is entitled.
Whether under some theory a judicial review might proceed with a minimalist record, such a concept is plainly a slippery slope, setting in motion regular satellite litigation (like the present case) in which private citizens and the taxpayers will spend time and money contesting whether a record is "complete enough." It is not a good idea, and unnecessary for Mrs. Meyer's heirs.
DICKSON, J., joins.