# FOR PUBLICATION

ATTORNEY FOR APPELLANTS:

**DALE W. ARNETT**
Winchester, Indiana

ATTORNEY FOR APPELLEE:

**CARRIE HAWK GUTMAN**
Hawk Haynie Kammeyer &
  Chickedantz, LLP
Fort Wayne, Indiana

FILED

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT GRABER, JR. and BARBARA GRABER, | ) ) ) | |
| Appellants, | ) ) | |
| vs. | ) ) | No. 02A05-1209-MI-485 |
| ALLEN COUNTY, INDIANA BUILDING DEPARTMENT, | ) ) ) | |
| Appellee. | ) ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Nancy Eshcoff Boyer, Judge
Cause No. 02D01-1206-MI-17565

**May 8, 2013**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Robert Graber, Jr. and Barbara Graber appeal the trial court's dismissal of their verified complaint for review in favor of the Allen County, Indiana, Building Department (the "Building Department"). The Grabers raise one issue, which we revise and restate as whether the court erred in granting the Building Department's motion to dismiss. We reverse and remand.

PROCEDURAL HISTORY

On April 24, 2012, the Building Commissioner (the "Commissioner") of the Building Department issued to the Grabers an Order to Bring into Compliance or Demolish. The order provided that inspection of the building(s) identified on the property with a street address of "14903 Notestine Road" in Grabill, Indiana, was unsafe and required compliance with local ordinance and state code and ordered the Grabers to have the building brought into compliance by May 18, 2012. Appellant's Appendix at 56. The order notified the Grabers that a hearing would be held on May 22, 2012 and was recorded in the office of the Allen County Recorder on April 27, 2012.

On May 22, 2012, an administrative hearing was held before Hearing Officer Anthony Burrus. Burrus issued a Record of Hearing and Findings of the Hearing Officer, signed May 24, 2012, affirming the order of the Commissioner.

On June 4, 2012, the Grabers filed a Verified Complaint for Review with the trial court. The complaint alleged that on May 24, 2012, the Building Department issued an order which affirmed a previous order made on April 24, 2012, and which found that a building on the Grabers' property is a health hazard and public nuisance. The complaint stated that it attached, as Exhibit A, the Record of Hearing and Finding of Hearing

2

Officer. The complaint requested the court to find in the Grabers' favor and against the Building Department.

The document attached to the June 4, 2012 complaint as Exhibit A was entitled Record of Hearing and Findings of Hearing Officer and related to an action taken after a hearing on May 22, 2012, before Hearing Officer Anthony Burrus regarding an affected parcel of real estate with a street address of "14909 Notestine Rd" in Grabill, Indiana, in which Marvin and Ada Schmucker were named as having a substantial property interest. Id. at 15. The findings of fact indicated that the building(s), structure(s), and/or tract of real property was a hazard to public health and a public nuisance, and the findings included the comment: "Owner states they are exempt from local ordinance and regulations however courts have ruled differently, and therefore, Allen County local ordinance(s) and or regulations are enforceable. Therefore, owner must comply with the County's orders of inspections and permits by June 01, 2012." Id. at 16.

On July 9, 2012, the Grabers filed a Motion for Leave to File an Amended Verified Complaint for Review together with an Amended Verified Complaint for Review. In their motion, the Grabers indicated that the Commissioner's order issued on April 24, 2012 had been affirmed on May 24, 2012, by Hearing Officer Anthony Burrus, that "[o]n the same date [their] counsel represented Marvin and Ada Schmucker before the same hearing officer," and that "[i]nadvertently, [the Grabers'] Counsel attached the record of hearing and findings of Hearing Officer for the Schmucker case as Exhibit A to the Verified Complaint for Review. However all of the findings of fact in both cases were exactly the same." Id. at 32. The Grabers' motion stated that Ind. Code § 36-7-9-8

3

requires the findings of fact and action taken by the hearing authority to be included in the complaint and that they "have substantially complied with the spirit of the requirements for judicial review in that their petition was timely filed and there was sufficient information for the Building Department to investigate the claim." Id. The Grabers requested leave to file their Amended Verified Complaint for Review with the correct Exhibit A in order to comply with the letter of the law pursuant to Ind. Code § 36-7-9-8. The Grabers also noted that the case management conference in the cause was not scheduled until August 20, 2012, and the Building Department would not be prejudiced in any manner if they were allowed to amend their complaint.

The document attached to the July 9, 2012 Amended Verified Complaint for Review as Exhibit A was entitled Record of Hearing and Findings of Hearing Officer and related to the action taken after a hearing on May 22, 2012, before Hearing Officer Anthony Burrus. The hearing concerned an affected parcel of real estate with a street address of "14903 Notestine Rd" in Grabill, Indiana, in which the Grabers were named as having a substantial property interest. Id. at 29. The findings of fact indicated, identical to those findings related to the Schmucker property, that the building(s), structure(s), and/or tract of real property was a hazard to public health and a public nuisance, and included the comment: "Owner states they are exempt from local ordinance and regulations however courts have ruled differently, and therefore, Allen County local ordinance(s) and or regulations are enforceable. Therefore, owner must comply with the County's orders of inspections and permits by June 01, 2012." Id. at 30.

4

On July 13, 2012, the Building Department filed a motion to dismiss the Grabers' complaint under Trial Rule 12(B)(6) and, in the alternative, for summary judgment and a memorandum in support of the motion. In the memorandum, the Building Department stated that the Grabers failed to obtain any permits prior to the construction of a structure which they have identified as a meeting place for their church community which will include plumbing. An affidavit of the Commissioner attached to the memorandum stated that the Grabers have "placed a structure on their real estate . . . which is attached to [their] home by a breeze-way," that Robert Graber "stated at the administrative hearing that this structure has plumbing and that the intended use is for gatherings of public, specifically the Amish community for holding church and other church functions," that the Grabers "have failed to obtain the requisite Septic System Permits, Land Use Permits and Building Permits . . . for the construction of the structure . . . ," and that the failure to obtain permits is a violation of the Allen County Code. Id. at 47-48. The Building Department, in its memorandum, argued that the Grabers failed to properly file a request for judicial review pursuant to Ind. Code § 36-7-9-8(b), namely, the portion of the provision which provides that "[a] person requesting judicial review under this section must file a verified complaint including the findings of fact and the action taken by the hearing authority." The Building Department argued that the Grabers' verified complaint for review "attached a decision for another property and another owner," that the complaint fails to conform to Ind. Code § 36-7-9-8(b), that "the failure to timely file the requisite verified complaint along with the findings [of] fact and the action taken by the hearing authority, deprives this Court of jurisdiction for a de novo review of the facts,"

5

and that the Grabers' complaint should therefore be dismissed. Id. at 41. The Building Department also argued that the Grabers' complaint fails to assert facts which support their request to reverse the decision of the hearing officer.

On July 23, 2012, the court entered an order granting the Grabers' July 9, 2012 Motion for Leave of Court to File an Amended Verified Complaint for Review.

On August 14, 2012, the Grabers filed a document entitled "Facts in Dispute" which stated that the following pertinent facts are genuinely in dispute: "Whether or not the barn is a private barn for the Grabers['] exclusive use as stated in Robert Graber's affidavit or [if] it is a 'public church' as the Building Department attempts to assert." Id. at 78.

Also on August 14, 2012, the Grabers filed a response to the Building Department's motion to dismiss and/or for summary judgment on their verified complaint and their designation of evidence. In the response, the Grabers argued that, although the findings of fact attached to their initial complaint were those of the neighboring property of Marvin and Ada Schmucker, after discovering this error they filed a motion for leave to file an amended complaint which the court granted, that courts favor having cases decided on their merits rather than on technicalities, that in this instance the findings and orders of the hearing officer were precisely the same in the Schmucker case as in the Graber case, that there could be no prejudice to the Building Department if they had the same findings and order, and that the error was merely a clerical error and was remedied. The Grabers also asserted that Ind. Code § 36-7-8-3(d),[1] the "Log Cabin Rule," applies in

---

[1] Ind. Code § 36-7-8-3(d) provides: "An ordinance adopted under this section does not apply to private homes that are built by individuals and used for their own occupancy."

6

this case and that no permits were required, that the Building Department "is trying to twist the facts elicited at the administrative hearing by claiming the barn is 'to be used for public church meetings' and does not fall within the I.C. 36-7-8-3(d) exception," that "[t]he building is at the Graber homestead and will only be used for 'church' about once a year, just as will the 'homes' of other families in the Church District of the Grabers," that the building "in fact is a company shed and safely built," and that "[t]here is no evidence that the building is in any way a hazard to public health and in fact the building is a safe building." Id. at 80-82. The Grabers requested the court to deny the Building Department's motion to dismiss and to grant summary judgment in their favor. The Grabers' designated evidence included an affidavit of Robert Graber and a letter regarding an inspection of the building by an engineer noting that the structure is sufficient to resist the intended "live, dead, snow, and wind loads." Id. at 87.

On August 27, 2012, the court held a hearing on the Grabers' motion at which the parties presented arguments. At the start of the hearing, the trial court made the following comments:

> Allen County Indiana Building Department has filed its Motion to Dismiss the Verified Complaint filed in this action for judicial review asserting that, under the statute, a person must file a Verified Complaint including the findings of fact and the action taken by the hearing authority within ten days after the date when the action was taken. [The Grabers] admit that in filing their Verified Complaint to review the findings of fact and action taken by the hearing officer were those of the neighboring property of Marvin and Ada Schmucker. And what I have to do is follow what the law is, and the state statutes that govern a verified petition for review are specific. The Courts have no discretion in whether they are to grant leeway or somehow vary the time limits required or the content of what must be filed. So it's my opinion that I'm bound by those statutes and that I must dismiss this case, even though it was an honest error.

Transcript at 4.

Counsel for the Grabers presented argument consistent with the arguments in the their pleadings and filings, including that courts favor deciding cases on their merits, that the findings and action taken were exactly the same in the Schmucker and Graber cases, that both cases were heard on the same day by the same hearing officer, that the error was a clerical error in the office of the Grabers' counsel, and that the error was remedied before the Building Department filed its motion to dismiss. Counsel for the Grabers further argued that the court granted its motion for leave to file an amended complaint and that there is no way the Building Department could be prejudiced by having the neighbor's findings and results attached to the Grabers' petition because they were exactly the same and the Building Department knew that they were exactly the same.

The court stated that it did not believe it had any discretion in the matter and intended to grant the motion to dismiss. The court also stated that "[n]ow that leaves [the Grabers] with the choice of doing nothing, which means the building will be torn down, or seeking a building permit or whatever other kind of permit is required," that "[t]his isn't going to be decided on the merits," that "even if you proceed to appeal the case, there's no way I'm going to be enjoining the Building Department from proceeding because, again, this isn't on the merits," and that "[i]t's on whether or not the statutes were complied with in filing for a verified petition for judicial review." Id. at 6. The court entered an order granting the Building Department's motion to dismiss.

ISSUE

The issue is whether the trial court erred in granting the Building Department's motion to dismiss the Grabers' complaint for judicial review. The standard of appellate review of rulings on motions to dismiss on the grounds presented here "depends on whether the trial court resolved disputed facts, and if so, whether the trial court conducted an evidentiary hearing or ruled on a paper record." Wayne Cnty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove No. 29, 847 N.E.2d 924, 926 (Ind. 2006). We review *de novo* a ruling on such a motion to dismiss if the facts are not disputed or the court rules on a paper record. Id.

DISCUSSION

The Grabers contend that the court erred in dismissing their complaint as the original error was a clerical error, the original complaint was filed timely, and the Building Department could not have been prejudiced. The Grabers argue that Ind. Trial Rule 15 allows amendment to a pleading once as a matter of course any time before a responsive pleading is served and that is exactly what they did upon the discovery of the clerical error. The Grabers argue that the Building Department could not have been prejudiced as the same Hearing Officer wrote the identical orders for the Schmuckers and the Grabers, that the findings and action actually are included with the complaint as they are identical and the caption and body of the original complaint refer to the Grabers so there is no confusion as to who is seeking judicial review, and that courts favor deciding cases on their merits rather than mere technicalities. The Grabers also assert that the

9

Indiana Supreme Court has stated that clerical errors may be amended if done so promptly.

The Building Department maintains that the trial court has no authority to extend the time to file a verified petition for review under Ind. Code § 36-7-9-8(b) and that the court did not obtain jurisdiction. The Building Department also argues that the statute specifically required the Grabers to file a complaint which included the findings of fact and the action taken within ten days, that the statutory language is clear and unambiguous, and that the Grabers failed to comply with the prerequisite for a review under the statute. The Building Department notes that on or about July 9, 2012, forty-six days after findings of fact and the action were issued, the Grabers attempted to remedy the error by filing a motion for leave to file an amended complaint, that the Grabers argued that its pleadings had substantially complied with the spirit of the requirement for judicial review, that substantial compliance is not the standard for the court to obtain subject matter jurisdiction of an appeal, and that the statute sets forth the content of what the petitioner must file with the trial court. Further, the Building Department contends that there is no statutory authority to extend the time for filing the verified petition which must include the findings and that the trial rules cannot work to resurrect an untimely petition for review. In their reply brief, the Grabers argue that their complaint was timely filed and that the Building Department glosses over the fact that the findings and action in the Schmucker case are exactly the same as those in the Graber case.

Ind. Code § 36-7-9-8 provides:

10

(a)     An action taken under section 7(d) or 7(e) of this chapter is subject to review by the circuit or superior court of the county in which the unsafe premises are located, on request of:

    (1)     any person who has a substantial property interest in the unsafe premises; or

    (2)     any person to whom that order was issued.

(b)     A person requesting judicial review under this section must *file a verified complaint including the findings of fact and the action taken by the hearing authority. The complaint must be filed within ten (10) days after the date when the action was taken.*

(c)     An appeal under this section is an action de novo. The court may affirm, modify, or reverse the action taken by the hearing authority.

(Emphasis added).

We initially note that this case does not involve subject matter jurisdiction or personal jurisdiction. The Indiana Supreme Court clarified jurisdiction concepts in K.S. v. State, 849 N.E.2d 538 (Ind. 2006), holding:

> Like the rest of the nation's courts, Indiana trial courts possess two kinds of "jurisdiction." Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs. Personal jurisdiction requires that appropriate process be effected over the parties.
>
> Where these two exist, a court's decision may be set aside for legal error only through direct appeal and not through collateral attack. Other phrases recently common to Indiana practice, like "jurisdiction over a particular case," confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations.

849 N.E.2d at 540. See Packard v. Shoopman, 852 N .E.2d 927 (Ind. 2006) (holding that statutory deadlines for filing a petition for judicial review in the Tax Court referred to what was previously known as "jurisdiction over a particular case"); Druids-Grove, 847 N.E.2d at 926 ("The timing of filing the agency record implicates neither the subject

11

matter jurisdiction of the Tax Court nor personal jurisdiction over the parties. Rather, it is jurisdictional only in the sense that it is a statutory prerequisite to the docketing of an appeal in the Tax Court."). Regardless of whether the verified complaint including the findings of fact and the action taken by the hearing authority was timely filed in this case, the trial court had subject matter jurisdiction to consider a petition for judicial review challenging a final agency decision. See Izaak Walton League of Am., Inc. v. DeKalb Cnty. Surveyor's Off., 850 N.E.2d 957, 962 (Ind. Ct. App. 2006) (noting that "[r]egardless of whether the agency record was timely filed in this case, the trial court had subject matter jurisdiction to consider a petition for judicial review challenging a final agency decision"), reh'g denied, trans. denied.

The crux of the matter in this case is whether the Grabers' initial June 4, 2012 complaint for review, notwithstanding the fact that the findings related to the Schmucker's property were inadvertently attached, constituted an adequate petition for judicial review of a final agency action where the trial court subsequently granted the Grabers' July 9, 2012 motion to amend their complaint for review which attached the correct findings of the hearing officer related to their property.

Under Ind. Code § 36-7-9-8, the Grabers as the petitioners had the duty to file a verified complaint within ten days after the date when the agency action was taken, and the Building Department has not asserted that the Grabers' initial June 4, 2012 complaint for review was untimely. The substance of the Building Department's argument is that the Grabers mistakenly attached the incorrect agency findings, that the Grabers were not permitted to amend the complaint to attach the correct findings, and thus that the trial

12

court was required to dismiss their request for judicial review. The Building Department does not point to authority, other than Ind. Code § 36-7-9-8(b) itself, for the proposition that the Grabers were not permitted to request to amend their initial complaint or petition for judicial review under Ind. Code § 36-7-9-8(b). While the subsection does not specifically provide that a petitioner may amend a complaint, it also does not specifically provide that a petitioner is precluded from doing so, and we note that the Indiana Rules of Trial Procedure provide that a party may amend pleadings by leave of court or once as a matter of course under certain circumstances.[2] We observe that the initial complaint referred to the April 24 and May 24, 2012 orders related to the Grabers' property issued by the Commissioner and the Building Department, respectively, but that the complaint attached the agency action taken by the Building Department in connection with the property of the Grabers' neighbors, the Schmuckers. On July 9, 2012, the Grabers filed their motion for leave to file an amended complaint which attached the correct findings and final agency action, noting that the Grabers' counsel inadvertently attached the findings of a case related to the Schmuckers, which had been heard on the same day as the Grabers' case by the same hearing officer, and that all of the findings of fact in both

---

[2] Ind. Trial Rule 15(A) provides:

Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty [30] days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within twenty [20] days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

13

cases were identical. On July 23, 2012, the trial court granted the Grabers' July 9, 2012 motion to file an amended complaint.

Despite the fact that the Grabers amended their complaint to include the correct agency findings and action, which was permitted by the trial court, the Building Department asserts that the language of Ind. Code § 36-7-9-8(b) precludes the Grabers from obtaining judicial review because their original complaint attached findings related to the Schmuckers' case. In the case of Izaak Walton, this court addressed the issue of whether an agency record that the petitioner filed constituted an adequate record for purposes of a petition for judicial review of an agency action. 850 N.E.2d at 963. Although the opinion addressed a different agency action and a requirement of filing an agency record rather than the inclusion of the findings and agency action in a complaint, the discussion of the principles of statutory interpretation and judicial review of agency actions provide some guidance here. The court noted that, in following principles of statutory interpretation, we must determine, give effect to, and implement the legislative intent underlying the statute and construe it in such a way as to prevent absurdity and hardship and to favor public convenience, that because statutes are examined as a whole, it is often necessary to avoid excessive reliance on a strict literal meaning of the words or phrases in the statute, and that we must consider the objects and purposes of the statute as well as the effects and repercussions of such an interpretation. Id. at 964-965. The court further noted: "We think the purposes of the statutes governing what constitutes an adequate agency record for purposes of a petition for judicial review are clear. The record must include all that is necessary in order for the reviewing court to accurately

14

assess the challenged agency action." Id. at 965. The court held that the petitioner had submitted an adequate agency record even though several documents were excluded where those documents concerned matters not relevant to the issue, and the court reversed the trial court's dismissal of the petition for judicial review and remanded for further proceedings. Id. at 965-968.

In this case, we note that the purpose of the requirement in subsection (b) of Ind. Code § 36-7-9-8 that a verified complaint include the findings of fact and the action taken by the hearing authority is that the relevant agency action and the reasoning of the hearing authority, if applicable, are before the reviewing court. In construing the statute in such a way as to prevent absurdity and hardship and to favor public convenience and in considering the effects and repercussions of our interpretation, we cannot say that the inadvertent inclusion or attachment of the hearing officer's findings related to the Schmuckers' property, which were identical to the findings related to the Grabers' property, to the original complaint precludes the Grabers from obtaining judicial review of the hearing officer's action, particularly in light of the fact that the Grabers amended their complaint with the approval of the trial court and there was no prejudice to the Building Department as a result of filing the amended complaint.

Based upon the record and under the circumstances, we conclude that the trial court erred in granting the Building Department's motion to dismiss. See Izaak Walton, 850 N.E.2d at 968. Accordingly, we reverse the dismissal of the Grabers' complaint and remand for further proceedings on their amended verified complaint for review.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's grant of the motion to dismiss and remand for further proceedings.

Reversed and remanded.

RILEY, J., and BRADFORD, J., concur.