**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANTS:

**DALE W. ARNETT**
Winchester, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID JOHNSON and IEVA S. JOHNSON and EVA G. SANDERS and JOSEPH K. and MICHELLE YEARY, | ) ) ) ) | |
| Appellants-Petitioners, | ) ) | |
| vs. | ) ) | No. 06A05-1310-PL-506 |
| INDIANA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT and TOWN OF WHITESTOWN, | ) ) ) ) ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE BOONE CIRCUIT COURT
The Honorable J. Jeffrey Edens, Judge
Cause No. 06C01-1302-PL-148

**August 20, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

Case Summary and Issue

David Johnson, Ieva S. Johnson, Eva G. Sanders, Joseph K. Yeary, and Michelle Yeary (collectively, "the Appellants") appeal the trial court's dismissal of their Verified Petition for Judicial Review. The Appellants raise one issue: did the trial court err in granting Indiana Department of Environmental Management's ("IDEM") motion to dismiss? Concluding the trial court did not err in dismissing the Appellant's petition, we affirm.

Facts and Procedural History

In January 2012, the Town of Whitestown ("Whitestown") applied to IDEM for a permit to construct a sewer system. IDEM approved Whitestown's application and issued a permit on April 30, 2012. On May 1 and 10, 2012, the Appellants timely filed petitions for administrative review and stays of effectiveness of the permit with the Indiana Office of Environmental Adjudication, alleging Whitestown withheld information from IDEM in seeking the permit. An environmental law judge held a hearing on September 13, 2012 to address the Appellants' complaint. Both IDEM and Whitestown were parties in the administrative proceedings and were represented by separate counsel at the hearing. The environmental law judge issued a Final Order that upheld IDEM's approval of the permit in January 2013.

The Appellants sought judicial review of the decision but only named IDEM as the respondent in the caption and certificate of service. Whitestown was not named as a party anywhere in the pleading, nor was it issued a summons. The Appellants paid the clerk a filing fee of $139, which was sufficient to issue summons to one party, but not sufficient for two (an additional $10 per summons was required). Appellants' Appendix at 17-18. IDEM then filed a motion to dismiss, arguing the Appellants (1) failed to file the agency record and (2) failed to serve all the parties to the administrative action as required by the Administrative Orders and Procedures Act ("AOPA"). The trial court heard arguments on the motion to dismiss and concluded that the Boone County Clerk or Circuit Court staff had received the administrative record within the deadline but failed to make an entry of the filing in the Chronological Case Summary, which was not to be held against the Appellants; the court also concluded that the Appellants failed to serve Whitestown, a party to the agency proceeding, as required by AOPA. Thus, the court dismissed the petition. The Appellants then filed a motion to correct errors, which was denied. The Appellants now appeal.

### Discussion and Decision

### I. Standard of Review

The issue is whether the trial court erred in granting IDEM's motion to dismiss the Appellants' petition for judicial review after the Appellants failed to comply with AOPA. "The standard of appellate review of rulings on motions to dismiss on the grounds presented here 'depends on whether the trial court resolved disputed facts, and if so, whether the trial court conducted an evidentiary hearing or ruled on a paper record.'"

Graber v. Allen Cnty., Indiana Bldg. Dep't, 988 N.E.2d 798, 802 (Ind. Ct. App. 2013)

(quoting Wayne Cnty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of

Druids–Grove No. 29, 847 N.E.2d 924, 926 (Ind. 2006)), trans. denied.  When the facts are

in dispute, as here, our standard of review focuses on whether the trial court engaged in its

fact-finding function and held an evidentiary hearing.  GKN Co. v. Magness, 744 N.E.2d

397, 401 (Ind. 2001).  When the facts are in dispute but the trial court rules on a paper

record without an evidentiary hearing, we afford the trial court no deference.  Id.  We

therefore employ a de novo review.  Anderson v. Wayne Post 64, Am. Legion Corp., 4

N.E.3d 1200, 1206 (Ind. Ct. App. 2014), trans. denied.  "We may affirm the trial court's

judgment on any legal theory supported by the trial court's factual findings, even if this

theory is one different from that selected by the trial court."  Lawyers Title Ins. Corp. v.

Pokraka, 595 N.E.2d 244, 249 (Ind. 1992).

## II. Effect of Not Serving Whitestown

AOPA is the "exclusive means for judicial review of an agency action."  Ind. Code

§ 4-21.5-5-1.  AOPA proscribes how service must be made when seeking judicial review:

> (a) A petitioner for judicial review shall serve a copy of the petition upon:
> (1) the ultimate authority issuing the order;
> (2) the ultimate authority for each other agency exercising
>     administrative review of the order;
> (3) the attorney general; and
> (4) each party to the proceeding before an agency;
> in the manner provided by the rules of procedure governing civil actions in
> the courts. If the ultimate authority consists of more than one (1) individual,
> service on the ultimate authority must be made to the secretary or chairperson
> of the ultimate authority.

> (b) The petitioner shall use means provided by the rules of procedure governing civil actions in the courts to give notice of the petition for review to all other parties in any proceedings that led to the agency action.

Ind. Code § 4-21.5-5-8. "[G]enerally speaking, ineffective service of process prohibits a trial court from having personal jurisdiction over a defendant." Guy v. Comm'r, Indiana Bureau of Motor Vehicles, 937 N.E.2d 822, 825 (Ind. Ct. App. 2010). This court addressed a similar issue in Guy. There, Guy was seeking judicial review of the Bureau of Motor Vehicles' decision to revoke his driver's license. Guy listed only "Commissioner, Indiana Bureau of Motor Vehicles" as the Respondent, and a summons was sent to the Commissioner in Indianapolis. The trial court dismissed his complaint for lack of personal jurisdiction because Guy had failed to serve the Attorney General, as required by AOPA. This court affirmed, reasoning the language in Indiana Code section 4-21.5-5-8 expressly requires service upon the parties listed in the statute, and without it, the court is without personal jurisdiction to enter an order. Id. at 826.

The Appellants attempt to distinguish Guy by pointing us to the fact they properly served IDEM and the court has the ability to enter orders that pertain to IDEM, even if there is not personal jurisdiction over Whitestown. However, it was the Appellants' procedural failure in not complying with the requirements of AOPA (by not serving each party to the agency proceeding and not securing jurisdiction over each) that served as the basis for the dismissal. See Graber, 988 N.E.2d at 801-804 (noting that the issue presented was not one of subject matter jurisdiction or personal jurisdiction; rather, it was a question of whether the complaint satisfied the statutory requirements in filing a petition for judicial review). It is also clear none of the Appellants' actions in seeking the petition for review

would have been reasonably calculated to inform Whitestown of the action.  Cf. Evans, 908 N.E.2d at 1259.

The Appellants also urge they should be permitted to fix the error because the lack of service could have been a clerical error and it might not have been their fault.  Indeed, the trial court considered this possibility in its findings:

46) The Court acknowledges that it is possible that the Boone County Clerk could have failed to mail the summons and a copy of the complaint to the Town of Whitestown.

47) This possibility is made even greater given that the Clerk (or perhaps the Court) failed to enter the filing of the administrative record into the Chronological Case Summary of the matter.

48) However, in determining this matter, the Court gives the greatest weight to the following:
   a. The Town of Whitestown was not included in the caption of this case when it was filed or in a subsequent motions [sic];
   b. Summons was served on IDEM through the Indiana Attorney General.
   c. Summons was not served on counsel for the Town of Whitestown.
   d. The Town of Whitestown, through its counsel, was not served with a copy of Plaintiff's Motion for Extension of Time to File Record.
   e. The filing fee paid, $139.00 was insufficient for summons to have been issued to both IDEM and the Town of Whitestown.

49) The greatest weight of the evidence supports a conclusion that the Town of Whitestown was a party in the Agency Proceeding and was not served a copy of the Petition for Judicial Review as required by [AOPA].

Appellants' App. at 21.  The evidence supports these findings.  To the extent the Appellants instead insist the evidence actually points to a clerical error, this amounts to a request to reweigh the evidence, which we will not do.  Based on the evidence, the findings, and the judgment, the trial court's dismissal of the Appellants' Petition for Judicial Review was not error.

Conclusion

Concluding the trial court did not err in dismissing the Appellant's Petition for Judicial Review, we affirm.

Affirmed.

RILEY, J., and BRADFORD, J., concur.